OPINION
{¶ 1} Defendant Charles Kovach dba All Tune Lube appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which overruled his objections to the report of the magistrate who heard the case. Appellant assigns a single error to the trial court:
 {¶ 2} "WHETHER THE DECISION OF THE TRIAL COURT, GRANTING THE APPELLEE'S WRIT OF RESTITUTION WAS IMPROPER."
 {¶ 3} For purposes of the eviction hearing only, the parties agreed to various stipulations. Maggiore is the landlord of certain commercial property located at 2535 Fulton Road NW. Kovach rented the premises from Maggiore. On January 23, 2002, Maggiore delivered to Kovach a thirty-day notice of termination of tenancy. Maggiore attached a copy of the notice which was hand delivered to Kovach. The letter is dated January 23, 2002, and is captioned Notice of Termination of Tenancy. The letter states:
 {¶ 4} "By this letter I am hereby terminating your tenancy at 2535 Fulton Road, Canton, Ohio, effective February 28, 2002.
 {¶ 5} "Please make arrangements to move out of the building on or before that date."
 {¶ 6} The parties stipulated Maggiore never served a three-day notice of eviction on Kovach.
 {¶ 7} On April 2, 2002, the magistrate held a hearing. Kovach objected to the jurisdiction of the court and moved for dismissal of the eviction action, based upon the failure of Maggiore to serve upon Kovach the three-day notice required by R.C. 1923.04. The magistrate overruled the motion to dismiss, and recommended the writ of restitution be issued because the tenancy had been terminated by the thirty-day notice.
 {¶ 8} R.C. 1923.04 states in pertinent part:
 {¶ 9} 1923.04 NOTICE; CONTENT; SERVICE; ALTERNATIVE IN CASE OF LAND CONTRACT
 {¶ 10} "(A) Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted.
 {¶ 11} "Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: "You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.
 {¶ 12} "(B) The service of notice pursuant to section 5313.06 of the Revised Code constitutes compliance with the notice requirement of division (A) of this section. The service of the notice required by division (C) of section 5321.17 of the Revised Code constitutes compliance with the notice requirement of division (A) of this section."
 {¶ 13} Kovach cites us to Sterling Healthcare Group, Inc. v.Laughlin (May 28, 1993), Wood Appellate No. 92WD051. In Sterling, the Sixth District Court of Appeals held under a lease of commercial premises, a landlord must follow a three-step process. First, the landlord must terminate the tenancy, and then give a three-day notice to vacate the premises pursuant to R.C. 1923.04. Only then may the landlord file his complaint in forcible entry and detainer.
 {¶ 14} The notice to terminate is governed R.C. 5321.17, which provides where, as here, there is a month-to-month tenancy, then the landlord must terminate the tenancy by notice at least thirty days prior to the rental date.
 {¶ 15} R.C. 5321.01 defines "tenant" as a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others.
 {¶ 16} We find R.C. 5321.17 clearly does not apply to commercial leases, but only to residential leases. Accordingly, we decline to follow the Sterling court and require a thirty-day notice to terminate separate from the three-day notice to vacate.
 {¶ 17} We find pursuant to R.C. 1923.04, a minimum of a three-day notice to vacate is mandatory before a landlord can file an eviction action. As the magistrate found, the notice Maggiore gave Kovach gave him not just the three days, but thirty days to leave the premises. We agree with the magistrate the notice more than meets the requirements.
 {¶ 18} We find the trial court did not err in overruling Kovach's objection to the report of the magistrate, and did not err in issuing the writ of restitution.
 {¶ 19} The assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed.